**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Eliazar Sanchez-Cruz,<br><br>Defendant. | No. CR-20-00263-001-PHX-MTL<br><br>**ORDER**<br><br>**NOT FOR PUBLICATION** |

**I.**

The Defendant, Eliazar Sanchez-Cruz, pleaded guilty to one count of Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a) and (b)(2). Mr. Sanchez-Cruz appeared before this Court on October 8, 2020 for his sentencing. At that time, the Court accepted the plea agreement, adjudicated the Defendant guilty of violating 8 U.S.C. § 1326(a) and (b)(2), entertained argument of counsel about the appropriate length of sentence and heard Mr. Sanchez-Cruz's allocution. The Court then announced Mr. Sanchez-Cruz's sentence as a 24-month term of imprisonment, with credit for time served, and a period of supervised release for three years.

After announcing the sentence, the Court reviewed Mr. Sanchez-Cruz's appeal rights. Mr. Sanchez-Cruz explained that he did not understand the appeal waiver and said that he thought his prior defense attorney was not honest with him before his guilty plea. The Court began a recess to allow discussion between Mr. Sanchez-Cruz and his attorney. When the hearing resumed, Mr. Sanchez-Cruz confirmed his desire to proceed with the

sentencing. The Court attempted a colloquy with him to understand whether he understood the implications of his guilty plea. During that colloquy, Mr. Sanchez-Cruz again conveyed that, in his opinion, his prior attorney was deceitful. The Court then adjourned the sentencing hearing for the day, allowing the Defendant and his counsel to confer again.

Sentencing resumed on October 15, 2020. Mr. Sanchez-Cruz questioned the advice provided by his current attorney. Citing concerns with the prior attorney's representation, the Court permitted Mr. Sanchez-Cruz to withdraw from the plea agreement. Mr. Sanchez-Cruz did so at that time. The Court then vacated his sentence.

## II.

Not long after the continued sentencing hearing, the United States moved for reconsideration of the Court's decision allowing the Defendant to withdraw from his guilty plea. (Doc. 47.) The United States argued that, under Federal Rule of Criminal Procedure 11(d)(2)(B), Mr. Sanchez-Cruz could not withdraw from his guilty plea without showing a fair and just reason for withdrawal because the Court had accepted the plea agreement. The Court held a status conference and directed the parties to file supplemental briefs discussing whether Rule 11(e) precluded the defendant from withdrawing his guilty plea because the Court had imposed the sentence.

## III.

Rule 11(e), Fed. R. Crim. P., provides that, "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." The parties agree that, for the purposes of Rule 11(e), the Court imposed Mr. Sanchez-Cruz's sentence on October 8, 2020, when it announced that his 24-month prison sentence and a subsequent term of supervised release. *See United States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir. 1988) ("The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant."). The text of Rule 11(e) and various Ninth Circuit cases show that the Court's later decision to permit Mr. Sanchez-Cruz to withdraw his guilty plea was in error. *See, e.g.*, *United States v. Baker*, 790 F.2d 1437, 1438 (9th Cir. 1986) ("[A] defendant now

cannot make a postsentence motion to the trial court to withdraw his guilty plea, and, hence, the district court had no jurisdiction to entertain Baker's motion."). Because the Court had imposed the sentence, Mr. Sanchez-Cruz's only remedy is through "direct appeal or collateral attack." Fed. R. Crim. P. 11(e).

## IV.

Accordingly,

**IT IS ORDERED** granting the United States' Motion for Reconsideration (Doc. 47) and reinstating the Defendant's guilty plea and the sentence announced on October 8, 2020.

**IT IS FURTHER ORDERED** vacating the jury trial set for this matter on December 21, 2020, the Final Pretrial Conference set for December 11, 2020, and all related pretrial deadlines.

**IT IS FURTHER ORDERED** denying the Motion to Determine Counsel (Doc. 59), and the Government's Motion in Limine (Doc. 52) as moot.

**IT IS FINALLY ORDERED** that the oral argument scheduled for **November 19, 2020, at 3:00 p.m.**, will proceed as a continued sentencing hearing in which the Court intends to complete unfinished matters from the October 8, 2020 hearing.

No excludable delay shall result from the entry of this order.

Dated this 18th day of November, 2020.

Michael T. Liburdi
United States District Judge